*MHN*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) | Civil Action No. 07 C 5459 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | Magistrate Judge Mason |
| BUFFALO RESTAURANT & ICE CREAM PARLOR, LTD. | ) ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT DECREE

### THE LITIGATION

1.    Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this

action alleging that Defendant Buffalo Restaurant & Ice Cream Parlor, Ltd., now using the

corporate name "BFLO Enterprises, Inc." (" Defendant"), violated Section 703(a) of Title VII of

the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), by

discriminating against a group of female employees on the basis of their sex. The EEOC and

Defendant are collectively referred to as "the parties." Specifically, the EEOC alleged that

Defendant violated Title VII by harassing a group of female employees (collectively, "Class

Members") on the basis of their gender and permitting their complaints about harassment to go

unaddressed.  Since the filing of this lawsuit, Defendant has been purchased by EFD, Inc. d/b/a

Buffalo Restaurant & Ice Cream Parlor ("EFD").  EFD is not a party to this action or this

Consent Decree.

2.    In the interest of resolving this matter, and as a result of having engaged in

comprehensive settlement negotiations, the parties have agreed that this action should be finally

resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising and that could have arisen out of Charge No. 210-2004-02976 and the Complaint filed by the EEOC in this action. The EEOC will not seek relief for claims raised in this lawsuit or that could have been raised in this lawsuit for any persons other than those identified in Paragraph 7.

## FINDINGS

3.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.     This Court has jurisdiction of the subject matter of this action and of the parties.

b.     The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendant, the Class Members and the public interest are adequately protected by this Decree.

c.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Class Members, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST SEX DISCRIMINATION

4.     Defendant and its officers, agents, management, successors and assigns, are hereby enjoined from discriminating against employees on the basis of their sex. This injunction shall not run against EFD, Inc.

2

## NON-RETALIATION

5.     Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

6.     Defendant shall pay an aggregate of $ 120,000.00 to the Class Members to be apportioned as set forth below.

7.     Within five (5) business days after entry of this Decree, the EEOC will mail to the Class Members a copy of the Release Agreement attached as Exhibit A. Within fifteen (15) days after receipt by Defendant from EEOC of a signed Release Agreement, Defendant shall issue and mail by certified mail to the Class Member who signed the Agreement a check in the amount set forth below. Defendant shall also mail a copy of each check to the EEOC within five (5) business days of sending the check to the Class Member. The EEOC shall provide Defendant with current addresses for all Class Members, which shall be provided with the delivery of each signed release. Defendant will issue IRS Form 1099s with respect to these payments.

| **Class Member Name** | **Amount** |
| --- | --- |
| Diana Blow | $20,000 |
| Vicki Martin | $20,000 |
| Terri Pittman | $20,000 |
| Irene Robertson | $20,000 |

3

Jacqueline Mitchell                    $20,000

Diana Sibrava                          $20,000


## CESSATION OF OPERATIONS

8.      Defendant hereby represents and warrants that it has been sold to EFD and is no longer operating the restaurant, has no employees and has ceased conducting business, and has no present intention to resume restaurant operations in the future.  In the event that Defendant resumes restaurant operations during the period of this Consent Decree, Defendant shall be required to take the actions set forth in paragraphs 9 – 16, below.  Defendant shall notify the EEOC within thirty (30) days of the date it resumes restaurant operations.

## POSTING OF NOTICE

9.      Within ten (10) business days after Defendant resumes business, Defendant shall post a same-size copy of the Notice attached as Exhibit B to this Consent Decree in its restaurant in a location where notices to employees and applicants for employment are normally posted. The Notice shall remain posted for three (3) years from the date of resumption of business. Defendant shall each take all reasonable steps to ensure that its posting is not altered, defaced or covered by any other material.  Defendant shall certify to the EEOC in writing within ten (10) days after it resumes business that the copy of the Notice has been properly posted.  Defendant shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

4

## RECORD KEEPING

10.     For a period of three (3) years following Defendant's resumption of restaurant operations, Defendant shall maintain records of each complaint of sexual harassment made by its employees in its Buffalo Grove, Illinois restaurant. Such records shall indicate the date the complaint was made, who made it, what was alleged, and what actions Defendant took, if any, to resolve the matter.

11.     Defendant shall make all documents or records referred to in Paragraph 10 above, available for inspection and copying within ten (10) business days after the EEOC so requests.

## REPORTING

12.     Defendant shall furnish to the EEOC written reports semi-annually for a period of three (3) years following Defendant's resumption of its restaurant business. The first report shall be due six (6) months after resumption of its restaurant business. The final report shall be due thirty-five (35) months after resumption of business. Each such report shall contain a summary of the information recorded by Defendant pursuant to Paragraph 10.

## TRAINING AND POLICY

13.     During each of the three (3) years covered by this Decree, all owners and employees, including all managers, assistant managers, and supervisors of Defendant's Buffalo Grove, Illinois restaurant, shall participate in an annual training session by a trainer paid for by Defendant and approved by the EEOC regarding sex harassment, which approval shall not be unreasonably withheld. The first training shall take place within ninety (90) days of Defendant's resumption of business. This training shall be provided in both English and Spanish.

14.     Defendant shall obtain the EEOC's approval of its proposed trainer(s) prior to the training session. Defendant shall submit the name, address, telephone number, resume, training

5

proposal, and any materials to be distributed to the participants, to the EEOC at least fifteen (15)

days prior to the proposed date(s) of the training. The EEOC shall have five (5) calendar days

from the date of receipt of the information described above to accept or reject the proposed

trainer(s). In the event the EEOC does not approve Defendant's designated trainer(s), Defendant

shall have five (5) calendar days to identify an alternate trainer(s). The EEOC shall have five (5)

calendar days from the date of receipt of the information described above to accept or reject the

alternate trainer(s). If the parties cannot through this process agree on a trainer(s), then they may

seek the Court's assistance under Paragraph 17.

15.     Defendant shall certify to the EEOC in writing within five (5) business days after

each training has occurred that the training has taken place and that the required personnel have

attended. Such certification shall include: (i) the date, location and duration of the training; and

(ii) a copy of an attendance list, which shall include the name and position of each person in

attendance. Defendant shall provide EEOC with copies of all materials distributed to the

participants if different from those materials previously provided.

16.     Within twenty eight (28) calendar days of resuming restaurant operations,

Defendant will submit for EEOC review a policy against harassment and retaliation which

complies with Title VII and which provides for a complaint process and mechanism for

responding to such complaints. Within ten (10) calendar days of the date the EEOC reviews the

policy, Defendant shall distribute the policy to all of its employees at its Buffalo Grove, Illinois

restaurant. Within ten (10) calendar days of the EEOC's review of the policy, Defendant shall

also post a copy of this policy at its Buffalo Grove, Illinois facility in a location customarily used

to communicate with employees. The policy will be written in both English and Spanish. The

inclusion of this paragraph in the Decree does not represent the Court's or the EEOC's approval

6

of Defendant's policy.

## DISPUTE RESOLUTION

17.    In the event that any party to this Decree believes that any other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party in writing of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

18.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 17, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

19.    Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

20.    None of the injunctive or any other relief ordered in this Decree shall apply to EFD.

21.    The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. During the period of this Decree, Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to

7

any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

22. Certifications made by Defendant must be made under oath. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Jeanne Szromba, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Defendant, they shall be mailed to: Paul Patten, Jackson Lewis, LLP, CHI, 320 West Ohio, Suite 500, Chicago, Illinois, 60610.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

For BFLO ENTERPRISES, INC.

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

Jerry Katsogianos

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7546

JOHN C. HENDRICKSON
Regional Attorney

DIANE I. SMASON
Supervisory Trial Attorney

JEANNE B. SZROMBA
Trial Attorney

ENTER:

The Honorable Ronald Guzman
United States District Judge

DATE:

3/20/08

9

## EXHIBIT A

### RELEASE AGREEMENT

I,_____, in consideration for $20,000paid to me by Buffalo

Restaurant & Ice Cream Parlor, Ltd., in connection with the resolution of EEOC v. Buffalo

Restaurant & Ice Cream Parlor, Ltd., No. 07 C 5459 (N.D. Ill.),  waive my right to recover for

any claims of sex harassment and constructive discharge arising under Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., that I had against Buffalo Restaurant

& Ice Cream Parlor, Ltd. prior to the date of this release and that were included in the claims

alleged in EEOC's complaint in EEOC v. Buffalo Restaurant & Ice Cream Parlor, Ltd., No. 07

C 5459 (N.D. Ill.).


Date: _____          Signature: _____

**EXHIBIT B**

## NOTICE TO ALL BUFFALO RESTAURANT EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Buffalo Restaurant & Ice Cream Parlor, Ltd., Case No. 07-5459, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Buffalo Restaurant & Ice Cream Parlor, Ltd. ("Buffalo Restaurant").

In its suit, the EEOC alleged that Buffalo Restaurant discriminated against female employees by tolerating sexual harassment at the restaurant.

To resolve the claims against Buffalo Restaurant, Buffalo Restaurant and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Buffalo Restaurant has paid $120,000 as a monetary settlement to the victims of sex harassment.

2) Buffalo Restaurant will not discriminate on the basis of sex.

3) Buffalo Restaurant will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination or participated in any Title VII proceeding;

4) Buffalo Restaurant will distribute to all Buffalo Restaurant employees a policy against sex harassment and sex discrimination and will provide training regarding sex discrimination and its policy against sex discrimination;

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has a TTD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for three years from the date below and must not be altered, defaced of covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Buffalo Restaurant Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago IL 60661.**

_3/20/08_
Date

Hon. Ronald Guzman

U.S. District Judge

11